DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| JOHN W. MUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2015-66 |
| v. | ) | |
| | ) | |
| GILBERT DAVID, WARDEN, U.S. VIRGIN ISLANDS BUREAU OF CORRECTIONS | ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEYS:

**John W. Munson**
St. Thomas, VI.
  *Pro se.*

## ORDER

**GÓMEZ, J.**

  Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court dismiss John Munson's habeas petition and civil rights action.

  John Munson ("Munson") was previously incarcerated at the Bureau of Corrections in St. Thomas, Virgin Islands.

  On September 17, 2015, Munson, filed a civil action that was both a habeas petition and a civil rights complaint.[1] Munson

---

[1] Munson's submissions present no clear statement of facts or basis for relief. There is no indication as to Munson's crime or his conviction or his sentence. Ordinarily, the failure to adequately state a claim results in dismissal. *See Moss v. United States*, 329 F. App'x 335 (3d. Cir. 2009) (affirming dismissal of illegible complaint); *Stephanatos v. Cohen*, 236 F.

also sought to proceed *in forma pauperis* under 28 U.S.C. §1915(a)(1). On September 21, 2015, the Magistrate Judge ordered the Clerk of Court to mail Munson both the District Court's Prisoner Civil Rights Packet and § 2254 Packet.[2]

On October 22, 2015, Munson filed the "First Amended Petition for Writ of Habeas Corpus Under Title 28 U.S.C. Section 2241." ECF No. 5. On October 27, 2015, the Magistrate Judge mailed Munson a second set of both the District Court's Prisoner Civil Rights and §2254 Packets.

On September 26, 2016, the Magistrate Judge ordered Munson to supplement his motion to proceed *in forma pauperis*. ECF No. 14. The order was mailed to Munson on September 27, 2016. On

---

App'x 785, 787 (3d Cir. 2007) (affirming dismissal of "largely unintelligible" complaint pursuant to Federal Rule of Civil Procedure 8). As the Court disposes of this matter on other grounds, it need not reach that issue.

[2] The Magistrate Judge's Report and Recommendation explained that the Prisoner Civil Rights Packet contains the following documents:

> (1) Instructions for filing a Pro Se Prisoner Civil Rights Complaint under 42 U.S.C. § 1983;
> (2) Civil Cover Sheet (Form JS 44);
> (3) Complaint (Form VI-P-CR);
> (4) Summons in a Civil Action (Form VI-AO 440);
> (5) Instructions for Proceeding In Forma Pauperis in a Civil Rights Action; and
> (6) Motion to Proceed in District Court without Prepaying Fees or Costs (Form VI-AO 240-P-CR).

The § 2254 Packet contains the following documents:

> (1) Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Form VI-AO 241); and
> (2) Motion to Proceed In Forma Pauperis in a 28 U.S.C. § 2254 Action (Form VI-AO 240-2254).

September 30, 2016, the order was returned as undelivered. Later, the Magistrate Judge learned that Munson was released from prison in May, 2016.

On May 3, 2018, the Magistrate Judge ordered Munson to provide a new mailing address. The order was mailed to Munson's last known address and an address in Seattle, Washington, provided in Munson's petition. The May 3, 2018, order was returned as undelivered. Munson never provided an updated mailing address.

On June 15, 2018, the Magistrate issued a Report and Recommendation, which proposed that Munson's case be dismissed under Federal Rule of Civil Procedure 41 for failure to prosecute. The Magistrate noted that because Munson has failed to provide the Court with a current address, resolution of his case is impossible. As such, balancing the *Poulis* factors is unnecessary. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Jones v. N.J. Bar Ass'n*, 242 Fed. App'x 793, 794 (3d Cir. 2007) (if "a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary"). Munson did not object to the Magistrate's Report and Recommendation.

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days

after being served with a copy of the recommended disposition."
*See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)
("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When no objection to a magistrate's report and recommendation is made the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

Having reviewed the record and the Report and Recommendation, the Court finds no error.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 25 is **ADOPTED**; it is further

**ORDERED** that the claims against Gilbert David are **DISMISSED**; it is further

**ORDERED** that the claims against the Virgin Islands Bureau of Corrections are **DISMISSED**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____

**Curtis V. Gómez**

**District Judge**